UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID CRABTREE,

    Plaintiff,

v.                                                                   CASE NO. 6:12-CV-656-Orl-36TBS

CENTRAL FLORIDA INVESTMENTS, INC.
DEFERRED COMPENSATION PLAN,
ADMINISTRATOR, CENTRAL FLORIDA
INVESTMENTS, INC. DEFERRED
COMPENSATION PLAN, and CENTRAL
FLORIDA INVESTMENTS, INC.,

    Defendants.
_____/

**ORDER**

    This cause comes before the Court on the Report and Recommendation of Magistrate Judge Thomas B. Smith (Doc. 39). In the Report and Recommendation, the Magistrate Judge recommends that Plaintiff David Crabtree's ("Plaintiff") Motion to Dismiss Counterclaims / Motion to Strike Affirmative Defenses ("Plaintiff's Motion") (Doc. 31) be granted in part and denied in part. *See* Doc. 39, p. 11. Plaintiff filed an Objection to the Magistrate Judge's Report and Recommendation and an accompanying memorandum of law ("Plaintiff's Objection") (Docs. 40, 41), to which Defendant Central Florida Investments, Inc. ("Defendant") replied (Doc. 46). Additionally, Defendant filed an Objection to the Report and Recommendation (Defendant's Objection) (Doc. 42), to which Plaintiff replied (Doc. 45). Accordingly, this matter is ripe for review.

# BACKGROUND

## I. Statement of Facts

Plaintiff alleges that in or about October of 1998, he became employed by Defendant, and was ultimately promoted to Chief Operating Officer of Sales & Marketing in June of 2000. Doc. 1, ¶ 10. Plaintiff further alleges that on or about May 13, 2008, he was provided a Deferred Compensation Agreement ("the Agreement") by Defendant, which was intended to be "an unfunded arrangement, maintained primarily to provide supplemental retirement benefits to the Executive, as a member of a select group of management or highly compensation [*sic*] employees of Employer for purposes of the Employee Retirement Security Act of 1974 (ERISA)." *Id*. at ¶¶ 11, 13; Doc. 1, Ex. A. As part of the Agreement, a Deferred Compensation Payment ("DCA") was to be made within 90 days of Plaintiff's last day of employment. *Id*. at ¶ 15. Plaintiff alleges that he resigned employment on or about June 8, 2010, but as of the filing of his Complaint, has not received any Deferred Compensation Payment. *Id*. at ¶¶ 16, 21.

## II. Procedural Background

On May 1, 2012, Plaintiff filed a three-count Complaint with this Court: (1) Count I - Failure to Provide Benefits Under the Plan, Pursuant to ERISA Section 502(a)(1)(B); (2) Count II - Failure to Comply with Document Requests, Pursuant to ERISA Section 104(b)(4); and (3) Count III - Breach of Contract, Under Florida Law (Doc. 1). On June 18, 2012, the Defendants answered the Complaint and asserted several affirmative defenses, including the following:

**SIXTH AFFIRMATIVE DEFENSE**
49. Defendants are relieved from making any further payments to Plaintiff under the DCA due to his breach of fiduciary duty.
\* \* \*

**EIGHTH AFFIRMATIVE DEFENSE**

51.  Defendants are entitled to a set-off or reduction of damages as a result of Plaintiff's material breach of the DCA.

\* \* \*

**TWELFTH AFFIRMATIVE DEFENSE**

55.  But for Crabtree's concealment of his breach of duty and conflict of interest, CFI would have been justified in discharging Plaintiff for cause and would not have been legally required to pay any moneys to Crabtree under the DCA.

Doc. 25. Defendant also asserted counterclaims for breach of fiduciary duty, recission, and declaratory judgment. *Id*. at 8-16. On July 23, 2012, Plaintiff's Motion was filed (Doc. 31). On October 3, 2012, the Magistrate Judge issued a Report and Recommendation on Plaintiff's Motion (Doc. 39).

## STANDARD

When a party makes a timely and specific objection to a finding of fact in a Report and Recommendation, the District Court should make a *de novo* review of the record with respect to the factual issues. 28 U.S.C. § 636(b)(1) (2009) ; *United States v. Raddatz*, 447 U.S. 667 (1980); *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507 (11th Cir. 1990). Once a timely objection to the Report and Recommendation is made, the District Judge may accept, reject or modify, in whole or in part, the Report and Recommendation of the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id*.

## ANALYSIS

### I.  The Magistrate Judge's Report and Recommendation

In the Report and Recommendation, the Magistrate Judge found that Defendant's counterclaim for breach of fiduciary duty was not barred, because Plaintiff's corporate officer duties to his company were imposed by Florida law, and not the ERISA statute. *See* Doc. 39 at 3-6.

Accordingly, dismissal of that counterclaim was inappropriate. *Id*. The Magistrate Judge, however, granted dismissal of Defendant's counterclaim for declaratory judgment, because it essentially sought the same relief as Defendant's breach of fiduciary duty counterclaim. *Id*. at 7-9. The Magistrate Judge also granted dismissal of Defendant's counterclaim for rescission, because that counterclaim was related to the ERISA-governed DCA, and thus preempted. *Id*. at 6-7.

The sixth affirmative defense, which also relates to breach of fiduciary duty, was not striken by the Magistrate Judge for the same reasons that Defendant's breach of fiduciary duty counterclaim was not dismissed. *Id*. at 9-10. The Magistrate also declined to strike the eighth affirmative defense, because it was determined to be an "appropriate affirmative defense to Plaintiff's ancillary breach of contract claim." *Id*. at 10. Last, the Magistrate Judge declined to strike the twelfth affirmative defense because he found that it was not based on fraud, seeing that neither fraud nor mistake is mentioned in its terms. *Id*. at 10-11.

**II.     Plaintiff's Objections**

Plaintiff asserts the following objections to the Magistrate Judge's Report and Recommendation (1) Defendant's breach of fiduciary duty counterclaim should have been dismissed because it relates to the DCA, which is preempted by ERISA as it constitutes a "top hat" plan; (2) Defendant's sixth and eighth affirmative defenses should have been stricken because they cannot be properly asserted under ERISA; and (3) Defendant's breach of fiduciary duty counterclaim and twelfth affirmative defense are inadequately pled under Federal Rule of Civil Procedure 9(b) and should be dismissed and stricken, respectively, because neither have been pled with particularity. Doc. 41. The Court notes that each of these arguments were previously raised in Plaintiff's Motion (Doc. 31), and fully considered in the Magistrate Judge's Report and Recommendation (Doc. 39).

### A. First Objection

Typically, fiduciary duty causes of action are preempted when brought under the ERISA statute. *See Castro v. Hartford Life & Accident Ins. Co.*, 2011 WL 4889174, at *8 (M.D. Fla. 2011); *Reid v. Prudential Ins. Co.*, 755 F. Supp. 372, 375 (M.D. Fla. 1990). However, this general rule does not extend to "top hat" plans, for which a cause of action for breach of fiduciary duty is not recognized. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 842 (11th Cir. 2006). Plaintiff asserts that the Magistrate Judge failed to recognize that Defendant's counterclaim specifically refers to and relies upon the DCA, which is a "top hat" plan. Doc. 41, p. 5. Further, Plaintiff asserts that it was "clearly erroneous to ignore this nexus." *Id*.

In the instant matter, Defendant asserts its counterclaim against Plaintiff for breach of his fiduciary duties to the corporation. *See* Doc. 25, ¶ 85. In general, the aforementioned preemption principles do not apply when the cause of action for breach of fiduciary duty is against a corporate officer for duties owed to a corporation. *See In re: ULLICO*, 605 F. Supp. 2d 210, 222 (D.D.C. 2009) (finding that even if the Plans were covered by ERISA, the causes of action based on breach of fiduciary duty were derived from obligations and responsibilities as officers of the corporation under state law, rather than their relationship to the Plans as beneficiaries); *see also Boston Children's Heart Found. v. Nadal-Ginard*, 73 F.3d 429, 439 (1st Cir. 1996). Plaintiff's fiduciary duties to Defendant are imposed by Florida law, not the ERISA statute, because they do not "raise the core concern underlying ERISA preemption." *Boston Children's*, 73 F.3d at 440; *see also Connolly v. Agostino's Ristorante, Inc.*, 775 So. 2d 387, 388, n. 2 (Fla. 2d DCA 2000). Thus, the Court agrees with the Magistrate Judge that "the ERISA statute does not preempt the corporate

fiduciary counterclaim even if the claim is offered as a basis to deny Plaintiff benefits under the DCA." Doc. 39, p. 6 (citing *ULLICO*, 605 F. Supp. 2d at 222).

The Magistrate Judge recognized that Defendant's counterclaim referenced the DCA. However, the Magistrate Judge correctly found that Defendant's counterclaim for breach of fiduciary duty was not preempted because it is based on a duty separate and distinct from the DCA. In the Objection, Plaintiff does not attempt to address, distinguish, or mention any of the cases cited in the Report and Recommendation. *See* Doc. 41. Accordingly, the Court will overrule Plaintiff's objection.

### B. Second Objection

Defendant's sixth and eighth affirmative defenses relate to its breach of fiduciary duty counterclaim. *See* Doc. 25, ¶¶ 49, 51. Plaintiff seeks to have these affirmative defenses stricken for the same reasons offered in the previous section. As the Court has already found, the Magistrate Judge's finding that any allegation against Plaintiff for breach of his fiduciary duties as a corporate officer is not preempted by ERISA was not erroneous. *See id*. Likewise, the Court finds that the Magistrate Judge's refusal to dismiss these affirmative defenses was not erroneous. Plaintiff's objection will be overruled.

### C. Third Objection

In Plaintiff's Motion (Doc. 31), he asserts that Defendant's breach of fiduciary duty counterclaim and twelfth affirmative defense are inadequately pled under Federal Rule of Civil Procedure 9(b) and should be dismissed and stricken, respectively, because neither have been pled with particularity. Doc. 31, pp. 11-15. In the Report and Recommendation, the Magistrate Judge found that "Defendant's twelfth affirmative defense neither expressly alleges fraud or mistake nor

uses the specific terms." Doc. 39, p. 11. In the Objection, Plaintiff spends the overwhelming majority of his argument readdressing how Defendant has failed to plead with particularity, rather than addressing how the Magistrate Judge erred in finding that the affirmative defense was not subject to the heightened pleading standard. *See* Doc. 41, pp. 10-14. The Court agrees with the Magistrate Judge's determination. Therefore, Plaintiff's objection will be overruled.

### III.     Defendant's Objection

Defendant concedes that it does not object or dispute any portion of the Magistrate Judge's Report and Recommendation. *See* Doc. 42, p. 1. Rather, Defendant asks to be granted leave to amend its counterclaim to include a claim for rescission, should the Court find Defendant's counterclaim for rescission preempted by ERISA. *Id.* As previously mentioned in this Order, the Court agrees with the Magistrate Judge's finding that Defendant's counterclaim for rescission is preempted, because it relates to the ERISA-governed DCA. *See* Doc. 39, pp. 6-7. However, as there is no objection to the Magistrate Judge's Report and Recommendation, Defendant's requested relief is not properly before the Court. *See* 28 U.S.C. § 636(b)(1). If Defendant seeks to amend its counterclaim, it must file a motion for leave to amend. Upon submission of an appropriate motion, the Court will consider the deadlines in the Court's scheduling order and whether the proposed amendment is proper under Rule 15 of the Federal Rules of Civil Procedure. *See Sosa v. Airprint Sys.*, 133 F.3d 1417, 1419 (11th Cir. 1988).

Accordingly, it is hereby **ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 39) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. Plaintiff David Crabtree's Motion to Dismiss Counterclaims / Motion to Strike Affirmative Defenses (Doc. 31) is **GRANTED** in part and **DENIED** in part. Defendant's counterclaims for declaratory judgment and rescission are **DISMISSED**.  In all other respects the Plaintiff's motion is **DENIED.**

3. To the extent Defendant wishes to amend its counterclaim for recission, it shall file a motion for leave to amend within seven (7) days of the date of this Order.

**DONE AND ORDERED** at Orlando, Florida on December 14, 2012.

Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
COUNSEL OF RECORD