IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID CRABTREE,

    Plaintiff,

v.                                Case No.: 6:12-cv-656-Orl-37GJK

CENTRAL FLORIDA INVESTMENTS, INC., *et al.*,

    Defendants.
_____/

## LV TOWER 52, LLC'S AND RESORT FINANCE AMERICA LLC'S[1] OBJECTIONS TO PLAINTIFF'S THIRD-PARTY SUBPOENA FOR DOCUMENTS

Pursuant to Fed. R. Civ. P. 45(c)(2)(B), Non-Parties LV Tower 52, LLC ("LV Tower") and Resort Finance America, LLC ("RFA") (collectively, the "Non-Parties") object to the Subpoenas to Produce Documents that Plaintiff served on them on February 25, 2013.

### Relevant Facts

1.     On February 25, 2013, LV Tower received notice from Corporation Service Company that it was being served with a subpoena. A true and correct copy of the e-mail is attached hereto as Exhibit A and fully incorporated by reference.

2.     The notice, however, did not contain a subpoena, but, instead, contained a copy of the Complaint and a copy of the Counterclaim. True and correct copies of the Complaint and Counter-Complaint are attached as Exhibits B and C, respectively, and fully incorporated by reference.

---

[1] Resort Finance America was never served and specifically preserves all rights related to Plaintiff's failure to serve it.

3. LV Tower later received the attached subpoena from Defendant's counsel. A true and correct copy of the subpoena as received from Defendant's counsel is attached hereto as Exhibit D and fully incorporated by reference.

4. The subpoena that LV Tower received on February 25, 2013 compels attendance for the production of documents by March 1, 2013 at 4:30 p.m., approximately 5 business days from the date the subpoena was actually received and six business days from service.

5. The subpoenas requests the following documents:

> A copy of the Global Restructuring Agreement dated on or about Nov. 21, 2011 to which Resort Finance America, LLC (in any capacity) or LV Tower 52, LLC, and any of the following entities were among the parties: Westgate Resorts, Ltd., Westgate Planet Hollywood Las Vegas, LLC; CFI Resorts Management, Inc.,; Central Florida Investments, Inc.;

> A copy of any agreement signed in or about November of 2011 wherein any rights, title and/or ownership were assigned, granted, conveyed, given, transferred, relinquished, or sold to Resort Finance America, LLC (in any capacity) or LV Tower 52, LLC, by *any* of the following entities: Westgate Resorts, Ltd.; Westgate Planet Hollywood Las Vegas, LLC; CFI Resorts Management, Inc.; Central Florida Investments, Inc.

6. The Complaint, Counterclaim and affirmative defenses in this particular action do not identify any of the following entities for which the Subpoena seeks information as parties to this lawsuit: LV Tower, RFA, Westgate Resorts, Ltd., Westgate Planet Hollywood Las Vegas, LLC and CFI Resorts Management, Inc.

7. The Global Restructuring Agreement involved a massive debt and loan restructuring agreement entered into by approximately 50+ separate Westgate-related entities (Westgate is CFI's parent company), as well as at least seven lenders and multiple other businesses spread throughout the county, all of which revolved around the re-financing of

Westgate's debt. The re-financing of the debt, most of which has been paid back now in full, was necessary due to the recent collapse of the lending market in the United States. The value of the restructuring deal exceeded $400 million. The $400 million debt restructuring deal was extremely complex. The Global Restructuring Agreement alone exceeds 1,000 pages in length, including exhibits. The deal involved multiple lenders (approximately seven), and included national banks, multiple guarantors, hundreds of millions of dollars in construction loans, receivable loans, parent receivable loans, bank term loans, bridge notes, assignment of various deeds of trust, assumed contracts, modifications of previous master loans, *etc*. All of these terms and conditions, and many, many others, are outlined in the 1,000+ pages of the Global Restructuring Agreement and exhibits thereto.

8. Plaintiff, David Crabtree, did not participate in any way, shape or form, nor was he a third-party beneficiary to the Global Restructuring Agreement or any other agreement entered by LV and/or RFA in November 2011 ("Agreement"), over 17 months after he ceased to work for Central Florida Investments, Inc. Crabtree has never been affiliated in any capacity with LV or RFA and this agreement is not the Deferred Compensation Agreement which appears to be the subject of this action.

9. The Global Restructuring Agreement does not waive any claims held by Crabtree or CFI against each other. Instead, the Global Restructuring Agreement included a delivery of the Las Vegas property ("the PH Towers"), and the PH Tower assets to CFI's lenders, which are completely unrelated to the matters involved in this action.

10. Because of the highly sensitive nature of the Global Restructuring Agreement and the potentially detrimental impact to the related businesses' operations and good will that will result from the disclosure of such terms, which also may include trade secrets as defined by

Florida law, LV and RFA do not publicize this information and diligently take all necessary steps to maintain and safeguard the disclosure of this information to third parties or the public. The release of this information will be harmful to not only CFI, LV and RFA but it may give an unfair advantage to competitors. It is our understanding that PH Hollywood, Inc. has an adversary relationship to CFI and any knowledge gained by Crabtree, as its CEO, will certainly result in a benefit to the company as they cannot be separated.

11. LV and RFA are willing to provide a copy to the Court for an in-camera review to substantiate the factual allegations concerning the terms of the agreement.[2]

### Specific Objections to Requests 1 and 2

12. LV and RFA make the following specific objections to Requests 1 and 2:

Objection: RFA objects to produce any documents as it was not served and Plaintiff can not show that RFA was served. Subject to its special appearance objection, both Non-Parties object that the subpoena commands production of information in an unreasonable time and manner.

More substantively, the requests seek irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence. A party may "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26 (b)(1).[3] Information that relates to the Global Restructuring Agreement (or any other type of agreement) entered by non-parties to this suit almost 1.5 years after Plaintiff ceased to work

---

[2] *NetJets Aviation, Inc. v. Peter Sleiman Development Group, LLC*, 2011 WL 768066, 2 (M.D. Fla. 2011) ("Clearly, the disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant.... As appropriate, the trial court may conduct an in-camera inspection of the subject records ... [and] may balance (on an ad hoc basis) the right to privacy and the right to know.")

[3] *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992).

for CFI is completely irrelevant. Plaintiff was not involved in the negotiation, drafting or execution of the Agreement and was not an intended or third party beneficiary in any manner.

More importantly, the information being requested is highly sensitive, confidential and of a private nature. The confidentiality and sensitivity of these financial records unequivocally outweighs any marginal notion of relevancy that Plaintiff may articulate.[4] The release of this highly confidential, yet wholly irrelevant, information will give an unfair advantage to Plaintiff's employer who is an adversary of CFI and other non-parties creating an undue burden and potential for harassment, actions which are prohibited under the Rules.[5]

---

[4] *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(D) (allowing the court "to protect a party or person from ... undue burden" by issuing an order "forbidding inquiry into certain matters").

[5] *NetJets Aviation, Inc. v. Peter Sleiman Development Group, LLC*, 2011 WL 768066, 2 (M.D. Fla. 2011) ("Because there is no basis to conclude that the personal financial information sought ... is relevant, we find that the trial court's order departs from the essential requirements of law which if uncorrected will lead to ... irreparable harm." (quoting *Straub v. Matte*, 805 So.2d 99, 101 (Fla. 4th DCA 2002)).

DATED March 1, 2013.

        Respectfully submitted,

           /s/ William J. Simonitsch

**K&L GATES LLP**
200 South Biscayne Boulevard, Suite 3900
Miami, FL 33131
Telephone: (305) 539-3336
Facsimile: (305) 358 7095

And
John R. Hardin
Texas State Bar No. 24012784

**K&L GATES LLP**
1717 Main Street, Suite 2800
Dallas, Texas 75201
Telephone: (214) 939-5500
Facsimile: (214) 939-5849

**ATTORNEY FOR NON PARTIES
LV TOWER 52, LLC AND RESORT
FINANCE AMERICA, LLC**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 1, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record on the attached service list.

        /s/William J. Simonitsch
        William J. Simonitsch

**SERVICE LIST**
*Crabtree v. Central Florida Investments, Inc. Deferred Compensation Plan, et al.*
Case No. 6:13-cv-00656-CEH-TBS

Patricia R. Sigman
patricia@sigmanlaw.com
Sigman & Sigman, P.A.
211 Maitland Avenue
Altamonte Springs, FL 32701
*Attorneys for Plaintiff*

Elizabeth Hunter
ehunter@frumkinhunter.com
William D. Frumkin
wfrumkin@frumkinhunter.com
Frumkin & Hunter LLP
1025 Westchester Avenue, Suite 309
White Plains, NY 10604
*Attorneys for Plaintiff*

Brandon J. Hill
Brandon.Hill@gmlaw.com
Myrna L. Maysonet
Myrna.maysonet@gmlaw.com
Greenspoon Marder, P.A.
201 E. Pine Street, Suite 500
Orlando, FL 32801-2718
*Attorneys for Defendants and
 Counter Claimants*

Rebecca Faith Bratter
Rebecca.bratter@gmlaw.com
Richard W. Epstein
Richard.Epstein@gmlaw.com
Greenspoon Marder, P.A.
100W. Cypress Creek Road
Trade Centre South, Suite 700
Fort Lauderdale, FL 33309
*Attorneys for Defendants and
Counter Claimants*